Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| KATHLEEN MANGINI GARCÍA EN REPRESENTACIÓN DE KATHIA ANGELY ALBERTI MANGINI<br><br>RECURRIDOS<br><br><br>V.<br><br><br>CHABELI LAUREN GONZÁLEZ PÉREZ<br>**JOSÉ FRANCISCO LÓPEZ OTERO**<br><br>PETICIONARIO | TA2026CE00332 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. AR2025CV01611<br><br><br>Sobre: Liquidación de Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2026.

## I.

El 17 de marzo de 2026, el señor Francisco López Otero (señor López Otero o peticionario) presentó un recurso de *Certiorari*[1] en el que nos solicitó que revocáramos parcialmente la *Resolución Interlocutoria* emitida y notificada el 24 de febrero de 2026 donde el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario), declaró No Ha Lugar todas las mociones dispositivas por prematuras, por cuanto entendía que era necesario que las partes llevaran a cabo un quantum mínimo de descubrimiento de prueba.[2] Específicamente, solicitó que se desestimara la *Demanda*

---

[1] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Véase entrada núm. 56 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

presentada el 26 de septiembre de 2026, con respecto a su persona.[3] En adición, solicitó que se desestimen los remedios de *injunction* estatutario y otros remedios interdictales, con cualquier otro pronunciamiento que en derecho proceda.

El 18 de marzo de 2026, emitimos una *Resolución* en la que le concedimos a Kathleen Mangini García, en representación de Kathia Angely Alberti Mangini (recurrida), hasta el 27 de marzo de 2026, para exponer su posición sobre los méritos del recurso.[4]

El 28 de marzo de 2026, la parte peticionaria presentó una *Moción sobre incumplimiento de la recurrida con Resolución del 18 de marzo de 2026,* donde reclamó que la parte recurrida optó por no expresar su posición sobre el recurso de *certiorari* y que, por lo tanto, debíamos desestimar la demanda con respecto al señor López Otero.[5] A su vez, alegó que debíamos desestimar los remedios de *injunction* estatutario y otros remedios interdictales, con cualquier otro pronunciamiento que en derecho proceda.

Transcurrido el término concedido a la parte recurrida para que expusiera su posición sobre la solicitud de desestimación, sin que lo hiciera, damos por perfeccionado el recurso de *certiorari.* En adelante, pormenorizamos los hechos procesales más relevantes a la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 21 de agosto de 2025, cuando la recurrida presentó una *Demanda* sobre liquidación de bienes hereditarios en contra de la señora Chabeli Lauren González Pérez y la parte peticionaria.[6] Aseveró que la señora González Pérez y la señorita Kathia Alberti Mangini son las únicas herederas del señor Rhadames Orlando Alberti Martínez (Causante), según la

---

[3] *Íd.,* entrada núm. 1.
[4] Véase, entrada núm. 2 del SUMAC-TA.
[5] *Íd.,* entrada núm. 3.
[6] Véase entrada núm. 1 del expediente digital de SUMAC-TPI.

*Declaratoria de Herederos* con número de caso BC2025CV00094, del 3 de julio de 2025.[7] Además, adujo que el Causante falleció el 8 de junio de 2025 y, a la fecha de su fallecimiento, era el único accionista y presidente de la corporación Innet Connection Incorporated (Corporación).

Según alegó, después del fallecimiento del Causante, se reunieron la señora González Pérez, el señor López Otero y la señora Mangini García en representación de su hija Kathia Alberti Mangini junto con el asesor legal de la corporación, Eduardo Vera Ramírez. Allí, se estableció que las acciones del fallecido Alberti Martínez pasarían automáticamente a sus herederos universales; entiéndase, su hija, la señorita Alberti Mangini, y su viuda, la señora González Pérez. Además, ratificaron que la Junta de la Corporación quedaría compuesta por Chabeli González Pérez como presidenta, Kathleen Mangini García como vicepresidenta y José Francisco López Otero como tesorero y secretario.

Así las cosas, la parte recurrida alegó que se le negó la oportunidad de examinar los libros de la Corporación, que se han utilizado fondos de la compañía sin informar las transacciones debidamente, que se han dispuesto de bienes de la corporación sin la autorización de la demandante, que se ha negado que la representación legal de la peticionaria comparezca a reuniones de la corporación para velar por los intereses de la menor, entre otros reclamos. En resumen, la parte recurrida alegó que ha habido una serie de actos que le ha impedido poder conocer el estado financiero de la corporación y los demás bienes del Causante, de los que la recurrida tiene una participación como parte de su herencia.

Presentada la demanda, la parte peticionaria presentó una *Moción solicitando desestimación*, donde reclamó que las alegaciones

---

[7] *Íd.*

estaban dirigidas a Innet Connection Incorporated y no al señor López Otero en su carácter personal.[8] Además, que el señor López Otero no tenía autoridad legal ni interés jurídico en la liquidación de los bienes hereditarios ni en su adjudicación. Dado esto, solicitó que se acumulara a la corporación como parte indispensable y se desestimara la demanda contra él.

En respuesta a las reclamaciones del peticionario, la recurrida presentó una *Demanda Enmendada* el 26 de septiembre de 2025, donde incluyó a la corporación como parte codemandada.[9] Conjuntamente, solicitó, por primera vez, que se expidiera un *injunction* estatutario conforme al artículo 7.10 de la Ley General de Corporaciones, Ley Núm. 164-2009, 14 LPRA sec. 3650 (Ley de Corporaciones), para compeler a la corporación a cesar y desistir de hacer cualquier movimiento económico sobre los bienes del caudal. Además, solicitó la expedición de un *injunction* provisional, preliminar y permanente.

El 27 de septiembre de 2026, la parte peticionaria presentó una *Moción reiterando desestimación de demanda enmendada* donde nuevamente reclamó que se debía desestimar la demanda contra el señor López Otero por no formar parte de las reclamaciones de la demanda en su carácter personal.[10] Respecto a las alegaciones relacionadas al *injunction* estatutario y el *injunction* regular, reclamó que eran improcedentes porque la parte recurrida incumplió con el proceso, según establecido en el artículo 7.10 de la Ley de Corporaciones, *supra.* Por lo tanto, argumentaron que se debía desestimar la demanda contra el peticionario.

Posteriormente, el 17 de octubre de 2025, la parte recurrida presentó una oposición a desestimación que intituló *Réplica a*

---

[8] *Íd.*, entrada núm. 10.
[9] *Íd.*, entrada núm. 14.
[10] *Íd.*, entrada núm. 17.

*moción solicitando desestimación,* donde aceptó que la señora Mangini García solicitó la información de los libros de la corporación de manera informal y no conforme al procedimiento establecido en el artículo 7.10 de la Ley de Corporaciones, *supra.*[11] Por lo tanto, se allanó a la solicitud del peticionario para que se deje sin efecto la solicitud de injunction.

El 11 de febrero de 2026, el TPI celebró una vista de conferencia inicial asistida por todas las partes.[12] Conforme lo discutido en la conferencia inicial, el TPI emitió una *Resolución Interlocutoria* el 24 de febrero de 2026 donde declaró No Ha Lugar a todas las mociones dispositivas por prematuras, por cuanto entendía que era necesario las partes llevaran a cabo un quantum mínimo de descubrimiento de prueba.[13]

Inconforme con la determinación del foro primario, el peticionario presentó el recurso de *Certiorari* en el que formuló los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal De Primera Instancia al denegar la desestimación de la demanda con respecto al peticionario José Francisco López Otero, pues la demanda no contiene alegaciones que justifiquen la concesión de un remedio contra este, y no se requiere descubrimiento de prueba adicional para resolver la moción de desestimación.

> **SEGUNDO ERROR:** Erró el Tribunal De Primera Instancia al denegar la desestimación de las alegaciones de la demanda en torno a *injunction* estatutario, pues no medió un requerimiento jurado, tampoco se alegó que se le negara a los demandantes inspeccionar el registro de acciones, relación de accionistas, y demás libros de la Corporación, según requiere el artículo 7.10b de la Ley de Corporaciones, y la recurrida se allanó a la desestimación de estas alegaciones.[14]

En resumen, argumentó que se debía desestimar la demanda con respecto al carácter personal, porque las reclamaciones expuestas eran contra la corporación o contra los miembros de la sucesión del Causante, por lo que no se podía justificar la concesión

---

[11] *Íd.,* entrada núm. 25.
[12] *Íd.,* entrada núm. 53.
[13] *Íd.,* entrada núm. 56.
[14] Véase entrada núm. 1 del expediente del caso en el SUMAC-TA.

de un remedio y que el *injunction* no se debía conceder porque la parte recurrida incumplió con el proceso según dispuesto en la Ley de Corporaciones, *supra.*

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

### III.
### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[15] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes

---

[15] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[16]

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite que un demandado solicite del tribunal la desestimación de la demanda presentada en su contra, antes de contestar o por medio de la misma contestación a la demanda, bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento;

---

[16] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**, o (6) dejar de acumular una parte indispensable. (Énfasis nuestro). *Blassino Alvarado v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

El Tribunal Supremo de Puerto Rico ratificó en *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024), las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*. Estas normas son las siguientes:

> (1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.
> (2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra*, el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.
> (3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra*, tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.
> (4) Toda duda debe resolverse a favor del demandante.
> (5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Íd.

La privación de un litigante de su día en corte sólo procede en casos extremos. Ahora bien, la desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Así que, la desestimación procede cuando, claramente, el tribunal pueda determinar que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio. *González Méndez v. Acción Social*, 196 DPR 213,

235 (2016). Empero, se ha resuelto que, no procede la desestimación de una demanda si esta es susceptible de ser enmendada. ***Colón v. Lotería***, 167 DPR 625, 649 (2006).

El Tribunal Supremo recientemente pautó en el caso ***Saint Mary Invs., LLC v. Denton Morales y otros***, 2026 TSPR 35, 218 DPR ___ (2026) que, al resolver una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, la determinación de si la demanda establece una reclamación plausible no se extiende a considerar si existe prueba que sustente las aseveraciones de una demanda. Sino que, requiere auscultar si, en la reclamación, se alegaron hechos demostrativos suficientes que le permitan al Tribunal inferir razonablemente que la parte demandada debe responder por las actuaciones que se alegan fueron contrarias a derecho. Íd.

## C.

Uno de los derechos básicos de los accionistas de cualquier corporación es el derecho a obtener información sobre las operaciones de la empresa mediante la inspección de sus libros y registros. C. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, 2.ª ed. rev.*,* San Juan, Editorial AlmaForte, 2022, pág. 293. Según el Prof. Díaz Olivo, "el ejercicio de este derecho viabiliza la rendición de cuentas […] por parte de la gerencia corporativa a sus accionistas". Íd.

La Ley de Corporaciones, *supra*, sec. 3501 *et seq.*, faculta a cualquier accionista, por sí o por apoderado u otro agente, a examinar, hacer copias o extractos del registro de acciones, la relación de accionistas y los demás libros de la corporación y los libros cualquier subsidiaria. Art. 7.10(B) de la Ley de Corporaciones, *supra*. Concretamente, el artículo 7.10 dispone "un mecanismo procesal de naturaleza sumaria e interdictal, con el fin de viabilizar de manera más ágil y expedita el reclamo del derecho de

información". Díaz Olivo, op. cit., pág. 293. Para hacer valer este derecho, la ley requiere que se haga durante las horas regular de oficina mediante un requerimiento jurado que consigne un propósito válido para evaluar los libros de la corporación. Art. 7.10(B) de la Ley de Corporaciones, *supra.*

Dispone también este artículo que si la corporación, o un oficial o agente de esta, no permitiera la inspección requerida o no respondiera a esa solicitud antes de transcurridos los cinco (5) días laborables posteriores al requerimiento, el accionista puede recurrir al TPI para solicitar que emita una orden que obligue a la corporación a permitir tal inspección. El foro primario podrá entonces ordenar sumariamente a la corporación que permita al accionista examinar el registro de acciones, la relación existente de accionistas y los otros libros de la corporación, y hacer copias y extractos de estos. También podrá ordenar a la corporación suplir al accionista una relación de sus accionistas a una fecha determinada. Artículo 7.10(C) de la Ley de Corporaciones, *supra.*

Cuando un accionista procure examinar los libros y cuentas de la corporación que no sean el registro de acciones o la relación de accionistas, deberá demostrar que: 1) es un accionista; 2) ha cumplido con [el artículo 7.10], con respecto a la forma y la manera de hacer el requerimiento de examen de tales documentos; y 3) que la inspección que procura es para un propósito válido. Íd.

**IV.**

En este caso, el señor López Otero nos solicitó que desestimáramos la demanda con respecto a su persona, el remedio de *injunction* estatutario y otros remedios interdictales. En cuanto al *injunction* estatutario, la parte peticionaria arguye que no procede porque en ningún momento se hizo un requerimiento juramentado de parte de la recurrida y porque la corporación nunca denegó una petición de ver los libros corporativos.

Por otra parte, en su *Réplica a Moción solicitando desestimación,* la parte recurrida admitió que las peticiones que hizo para ver los libros corporativos habían sido de manera informal y no mediante un requerimiento jurado.[17] Por lo tanto, se allanó a la solicitud del peticionario para que se dejara sin efecto la petición de *injunction,* por igualmente entender que era improcedente.[18]

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari,* y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que debemos expedir el auto peticionado y modificar la *Resolución* recurrida.

A tenor con la normativa jurídica precedentemente pormenorizada, una demanda solo puede ser desestimada cuando surge claramente que la parte promovente de la causa de acción no tiene derecho a remedio alguno al amparo del estado de derecho vigente.

A base de los hechos alegados en la *Demanda enmendada,* tomándolos como ciertos y de la manera más liberal y favorable a favor del peticionario, resulta forzoso concluir que procede la desestimación en contra del peticionario toda vez que la misma no contiene alegaciones fácticas <u>respecto a su capacidad personal</u>, sino como oficial de la corporación, que expongan una reclamación que justifiquen la concesión de un remedio por la cual, en su día, este pueda resultar responsable.

No se desprende de las alegaciones que este deba responder, en su carácter personal, por los presuntos daños que le ocasionó a la recurrida en el manejo de la corporación y división de la herencia. No existen alegaciones de que este haya actuado fuera del marco discrecional, de mala fe o de forma criminal o ilegal en el ejercicio de

---

[17] Véase entrada núm. 25 del expediente digital de SUMAC-TPI.
[18] *Íd.*

sus funciones que lo hagan responsable, en su carácter personal. Así, respecto al primer señalamiento de error, resolvemos que el foro primario incidió al no conceder la solicitud de desestimación incoada por el peticionario.

De otra parte, con relación al segundo señalamiento de error, dejaremos sin efecto el remedio de *injunction* estatutario, ya que ambas partes lo solicitaron y entendemos que procede en derecho.

Por lo tanto, concluimos que el TPI incidió en los errores señalados por el peticionario. En consecuencia, se modifica la *Resolución* recurrida y se ordena la desestimación de la *Demanda enmendada* con relación a la capacidad personal del señor López Otero, permanece en su capacidad corporativa, como oficial de la corporación codemandada.

**V.**

Por los fundamentos pormenorizados, se expide el auto de *certiorari* y se modifica la *Resolución* recurrida únicamente para dejar sin efecto el *injunction* estatutario según lo solicitaron las partes y desestimar la *Demanda Enmendada* respecto al peticionario, en su capacidad personal, permanece la reclamación en su capacidad oficial, como miembro de la corporación.

Se devuelve el caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones